IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMENA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:17-CV-3133-M-BH |
| ) | |
| DR. WALEED H. EL-FEKY, ) | |
| ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* case has been automatically referred for judicial screening. Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs (Short Form)*, filed November 14, 2017 (doc. 4). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

The plaintiff filed this action against the defendant for alleged medical malpractice on November 14, 2017, and moved for leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.) By *Order for Additional Financial Information* dated November 20, 2017, the plaintiff was notified that her motion did not provide enough information for determination of whether IFP status was appropriate. (*See* doc. 5.) She was ordered to complete the long form IFP application within fourteen days, and warned that a failure to do so could result in the dismissal of her case. *Id.* The plaintiff was also sent a magistrate judge's questionnaire to obtain more information about her claims, which she was required to return within fourteen days. (*See* doc. 6.) The questionnaire specifically provided that a failure to file her answers could result in dismissal. *Id.* On December 7, 2017, the plaintiff was granted a fourteen-day extension of time to file her IFP application and questionnaire answers. (*See*

doc. 9.) More than fourteen days from the date of the December 7, 2017 order have passed, but the plaintiff has failed to submit her IFP application or questionnaire answers, and she has not filed anything else in this case.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff's application does not provide enough information to determine whether she owns any assets. For example, she lists a monthly expense of $1,300 for housing, but it is not clear whether she owns a home. She also lists monthly expenses for gas and car insurance, but she does not list any vehicle as an asset. She has not shown that she will suffer undue financial hardship after payment of the $ 400.00 filing fee, and her application to proceed *in forma pauperis* should therefore be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the December 7, 2017 order that she file an IFP application and her questionnaire answers within

fourteen days despite a warning that failure to do so could result in dismissal of the case. Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

### IV.  RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files a new IFP application and her questionnaire answers within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 29th day of December, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE